1  Robert P. Goe - State Bar No. 137019
   Elizabeth A. LaRocque – State Bar No. 219977
2  **GOE & FORSYTHE, LLP**
   18101 Von Karman Avenue
3  Suite 510
   Irvine, CA 92612
4  rgoe@goeforlaw.com
   elarocque@goeforlaw.com
5
   Telephone:  (949) 798-2460
6  Facsimile:  (949) 955-9437

7  Attorneys for Plaintiff Frederick T. Glynn, Jr.

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                       **SANTA ANA DIVISION**

11

12 | In re:                                  | Case No. 8:10-bk-22579-ES |
13 | FREDERICK T. GLYNN, JR., and ROSARIO    | Chapter 7 Proceeding |
   | C. GLYNN,                               |
14 |                                         |
   |                  Debtors.               | **COMPLAINT FOR WILLFUL** |
15 |                                         | **VIOLATION OF THE AUTOMATIC** |
   | ─────────────────────────────────       | **STAY PURSUANT TO 11 U.S.C.** |
16 | FREDERICK T. GLYNN, JR,                 | **SECTION 362(k)** |
17 |                  Plaintiff,             |
   | vs.                                     |
18 |                                         |
19 | CORAL CAPITAL SOLUTIONS LLC, a          |
   | Delaware limited liability company      |
20 |                                         |
   |                  Defendant.             |
21 |                                         |

22         Plaintiff and Debtor, Frederick T. Glynn, Jr., ("Plaintiff" or "Debtor"), alleges as to the

23 above-named Defendant, Coral Capital Solutions, LLC ("Defendant"), as follows:

24                       **JURISDICTION AND VENUE**

25         1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

26 § 157 and 28 U.S.C. § 1334.  This matter is a core proceeding filed pursuant to 28 U.S.C.

27 § 157(b)(2).

28         2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3.     This adversary proceeding is commenced pursuant to Rule 7001(1), (7) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 362(k).

4.     The events alleged herein occurred within the jurisdiction of the above-entitled Court.

## STATEMENT OF STANDING

5.     Plaintiff incorporates herein paragraph 1 through 4, inclusive, of this Complaint as if set forth in full.

6.     Plaintiff, as a Debtor, has standing to bring this action pursuant to 11 U.S.C. § 362(k).

## PARTIES TO THE PROCEEDING

7.     Plaintiff incorporates herein paragraph 1 through 6, inclusive, of this Complaint as if set forth in full.

8.     Defendant Coral Capital Solutions, LLC is a Delaware limited liability company whose address is 400 Broome Street, New York, NY 10013.  Defendant, at all times relevant hereto, conducted business in the State of California, County of Orange.

## GENERAL ALLEGATIONS AS TO ALL CLAIMS FOR RELIEF

9.     Plaintiff incorporates herein paragraphs 1 through 8, inclusive, of this Complaint as if set forth in full.

10.     Debtor, with his wife, filed a chapter 7 petition on September 7, 2010.

11.     On March 8, 2011, Debtor executed a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing ("Deed of Trust") regarding the real property located at 4008 Marcus Avenue, Newport Beach, CA 92663 (the "Property").

12.     On March 28, 2011, Defendant recorded the Deed of Trust in the County Recorder's Office for the County of Orange, State of California as instrument number 2011000157432.  A copy of the recorded Deed of Trust is attached hereto as **Exhibit "1"**.

13.     The Discharge of Debtor was entered on February 27, 2012.

14.     Defendant was aware of Debtor's bankruptcy filing and despite that knowledge, recorded the Deed of Trust without obtaining relief from stay.

15.    Defendant was asked to remove the lien as being in violation of the stay, which Defendant has failed and refused to do.

**FIRST CLAIM FOR RELIEF**

**(Violation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(k))**

16.    Plaintiff incorporates herein paragraphs 1 through 15, inclusive, of this Complaint as if set forth in full.

17.    Despite having notice of Plaintiff's bankruptcy filing and the commencement of the automatic stay,  Defendant willfully and knowingly recorded the Deed of Trust against the Property in violation of the automatic stay.

18.    Defendant did not seek or obtain relief from the automatic stay necessary to encumber the Property.

19.    Plaintiff requested Defendant remove the alleged lien created by the recording of the Deed of Trust and Defendant has failed and refused to release the lien.

20.    As a direct result of Defendants violation of the automatic stay, Plaintiff has suffered actual damages, including costs and attorneys' fees, in an amount to be determined.

21.    Further, Defendant should be assessed punitive damages as a result of its willful, egregious conduct.

**WHEREFORE,** Plaintiff prays that the Court enter a judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

(1)    For an order determining Defendants violated the automatic stay pursuant to 11 U.S.C. § 362(k) and that the recorded Deed of Trust is void;

(2)    For an order determining Defendant liable to Plaintiff for all damages caused by reason of the recordation of the Deed of Trust.

(3)    That the Court determines the issue of damages, and renders judgment in favor of Plaintiff in the amount of his damages, together with punitive and exemplary damages according to proof;

(4)    Any additional sum as yet unknown, but according to proof;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein; and

(7)    For such other and further relief as the Court may deem just and proper.

DATED:  February 12, 2014                         GOE & FORSYTHE, LLP


                                        By:  /s/Robert P. Goe
                                             Robert P. Goe
                                             Attorneys for Plaintiff,
                                             Frederick T. Glynn, Jr.

# EXHIBIT 1

# EXHIBIT 1

**FIDELITY NATIONAL TITLE COMPANY**

Recorded in Official Records, Orange County

Tom Daly, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖  **69.00**

**2011000157432 11:11am 03/28/11**
93 401 D11 A36 S02 A34 15

0.00 0.00 0.00 0.00 42.00 0.00 0.00 0.00

RECORDING REQUESTED BY AND
WHEN RECORDED, RETURN TO:

KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Attention: Ariel M. Dybner

*Accommo-Glynn - TC*

[SPACE ABOVE FOR RECORDER'S USE ONLY]

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (this "**Deed of Trust**") is made this **8th** day of March, 2011, between **FREDERICK TERRY GLYNN, JR.**, an individual ("**Trustor**"), whose address is 4008 Marcus Avenue, Newport Beach, CA 92663, **FIDELITY NATIONAL TITLE COMPANY** ("**Trustee**"), whose address is 1300 Dove Street, Suite 310, Newport Beach, CA 92660 and **CORAL CAPITAL SOLUTIONS LLC**, a Delaware limited liability company (together with its successors and assigns, "**Beneficiary**"), whose address is 400 Broome Street, New York, NY 10013.

<u>WITNESSETH</u>:

WHEREAS, Trustor is the owner of certain real property located in the City of Newport Beach, County of Orange, State of California, together with the improvements now or hereafter erected thereon;

WHEREAS, this Deed of Trust is given to secure the obligations of Trustor pursuant to that certain Personal Guaranty, dated as of the date hereof, made by Trustor in favor of Beneficiary (the "Guaranty") with respect to a loan (the "**Loan**") in the principal sum of $190,000 (the "Note Amount") or so much thereof as may be advanced pursuant to that certain Promissory Note, dated as of the date hereof, made by AIR BAK TECHNOLOGIES, LLC, a Delaware limited liability company ("**Maker**"), in favor of Beneficiary (as the same may be amended, restated, extended, replaced, supplemented, consolidated or otherwise modified from time to time, the "**Note**"; capitalized terms used herein without definition shall have the meanings ascribed to them in the Note);

WHEREAS, Trustor is an owner of Maker and will derive substantial benefit from the making of the Loan, and Trustor has entered into that certain Personal Guaranty dated of even date herewith (the "**Guaranty**"), pursuant to which Trustor has agreed to guaranty the payment and performance of all of the obligations of Maker under the Note;

WHEREAS, Trustor desires to secure the payment of the Guaranteed Obligations (as defined in the Guaranty); and

FIDELITY NATIONAL TITLE INSURANCE
COMPANY HAS RECORDED THIS INSTRUMENT
BY REQUEST AS AN ACCOMMODATION ONLY
AND HAS NOT EXAMINED IT FOR REGULARITY
AND SUFFICIENCY OR AS ITS EFFECT UPON
THE TITLE TO ANY REAL PROPERTY THAT
MAY BE DESCRIBED THEREIN.

WHEREAS, this Deed of Trust is given to secure payment, fulfillment and performance by Trustor of the Guaranteed Obligations that are secured hereby, and each and every term and provision of the Guaranty, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Security Instrument;

NOW THEREFORE, in consideration of the premises herein contained and for other good and valuable consideration, the parties hereto agree as follows:

A.    <u>Secured Obligations</u>.  Trustor makes this grant and assignment for the purpose of securing the following obligations (collectively, the "**Secured Obligations**");

(a)    Performance of all obligations of Trustor under the Guaranty;

(b)    Performance of all obligations of Trustor under this Deed of Trust;

(c)    Payment and performance of all future advances and other obligations that the then record owner of all or part of the Property (defined below) may agree to pay and/or perform (whether as principal, surety or guarantor) for the benefit of Beneficiary, when the obligation is evidenced by a writing which recites that it is secured by this Deed of Trust; and

(d)    All modifications, extensions and renewals of any of the obligations secured hereby, however evidenced.

B.    <u>Grant of Lien and Security Interest</u>.  Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following property, rights, interests and estates now owned, or hereafter acquired by Trustor (collectively, the "**Property**"):

(a)    that certain real property in Orange County, California, commonly known as 4008 Marcus Avenue, Newport Beach, California 92663, as more particularly described in <u>Exhibit "A"</u> attached hereto and made a part hereof (the "**Land**"); and

(b)    all additional lands, estates and development rights hereafter acquired by Trustor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Deed of Trust;

(c)    the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "**Improvements**");

(d)    all easements, rights of way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes,

2

tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(e)    all property that is deemed fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures) (collectively, the "**Fixtures**"), and all proceeds and products of the above;

(f)    all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, including a guaranty of any such lease (a "**Lease**" or "**Leases**") and all right, title and interest of Trustor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements (the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the indebtedness evidenced by the Note (as defined below); and

(g)    any and all other rights of Trustor in and to the items set forth in Subsections (a) through (f) above.

C.    To protect the security of this Deed of Trust, Trustor agrees:

(a)    To keep the Property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon the Property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the Property may be reasonably necessary, the specific enumerations herein not excluding the general.

(b)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(c)    To pay, at least ten days before delinquency all taxes and assessments affecting the Property, including assessments on appurtenant water stock and water rights, when due, all

3

EXHIBIT 1
Complaint for Willful Violation of the Automatic Stay                                                                      Page 7

encumbrances, charges and liens, with interest, on the Property or any part thereof, which appear to be prior or superior hereto; and all cost, fees and expenses of this Deed of Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof may (a) make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon the Property for such purposes, (b) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, (c) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, (d) in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(d)     To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from the date of expenditure at the maximum amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(e)     To obtain hazard or property insurance to cover all buildings and other improvements that now are, or in the future will be, located on the Land.  The insurance will cover loss or damage caused by fire, hazards normally covered by "Extended Coverage" hazard insurance policies, and any other hazards for which Beneficiary requires coverage, including, but not limited to earthquakes and floods.  The insurance will be in an amount equal to the sum of the amount secured by the existing deed of trust on the Real Property (the "**First Deed of Trust**"), and the Note Amount.  Trustor may choose the insurance company, but its choice is subject to Beneficiary's reasonable right to disapprove.  Beneficiary may require Trustor to pay either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect the flood zone determination or certification.  If Trustor disagrees with the flood zone determination, Trustor may request the Federal Emergency Management Agency to review the flood zone determination and Trustor promises to pay any fees charged by the Federal Emergency Management Agency for its review.  If Trustor fails to maintain any of the insurance coverages described above, Beneficiary may obtain insurance coverage, at Beneficiary's option and Trustor's expense. Beneficiary is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage will cover Beneficiary, but might or might not protect Trustor, Trustor's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Trustor acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Trustor could have obtained. Any amounts disbursed by Beneficiary under this Section C(e) will become Trustor's additional debt secured by this Deed of Trust. These amounts will bear interest at the maximum rate permitted by law from the date of disbursement and will be payable with such interest, upon notice from Beneficiary to Trustor requesting payment.  All of the insurance policies and renewals of those policies will include a "Standard

4

EXHIBIT 1
Complaint for Willful Violation of the Automatic Stay                                    Page 8

Mortgage Clause" to protect Beneficiary and will name Beneficiary as mortgagee and/or as an additional loss payee. The form of all policies and renewals will be acceptable to Beneficiary in its reasonable discretion. Beneficiary will have the right to hold the policies and renewal certificates. If Beneficiary requires, Trustor will promptly give Beneficiary all receipts of paid premiums and renewal notices that Beneficiary receives. If Trustor obtains any form of insurance coverage, not otherwise required by Beneficiary, for damage to, or destruction of, the Property, such policy will include a Standard Mortgage Clause and will name Beneficiary as Beneficiary and/or as an additional loss payee. If there is a loss or damage to the Property, Trustor will promptly notify the insurance company and Beneficiary. If Trustor does not promptly prove to the insurance company that the loss or damage occurred, then Beneficiary may do so. The amount paid by the insurance company for loss or damage to the Property shall be referred to herein "**Insurance Proceeds**." Subject to the terms of the First Deed of Trust, unless Beneficiary and Trustor otherwise agree in writing, any Insurance Proceeds, whether or not the underlying insurance was required by Beneficiary, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the Insurance Proceeds for that purpose would lessen the protection given to Beneficiary by this Deed of Trust; or (c) Beneficiary and Trustor have agreed in writing not to use the Insurance Proceeds for that purpose. Subject to the requirements of the First Deed of Trust, during the period that any repairs or restorations are being made, Beneficiary may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Beneficiary's satisfaction. However, this inspection will be done promptly. Beneficiary may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Beneficiary and Trustor agree otherwise in writing or unless applicable law requires otherwise, Beneficiary is not required to pay Trustor any interest or earnings on the Insurance Proceeds. Trustor will pay for any public adjusters or other third parties that Trustor hires, and their fees will not be paid out of the Insurance Proceeds. If the repair or restoration is not economically feasible or if it would lessen Trustor's protection under this Deed of Trust, then the Insurance Proceeds will be used to reduce the amount that Trustor owes to Beneficiary under this Deed of Trust. If any of the Insurance Proceeds remain after the beneficiary under the First Deed of Trust and Beneficiary have been paid in full, the remaining Insurance Proceeds will be paid to Trustor. If Trustor abandons the Property, subject to the terms of the First Deed of Trust, Beneficiary may file, negotiate and settle any available insurance claim and related matters. If Trustor does not answer, within 30 days, a notice from Beneficiary stating that the insurance company has offered to settle a claim, Beneficiary may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Beneficiary acquires the Property pursuant to this Deed of Trust or otherwise, Trustor gives Beneficiary Trustor's rights to any Insurance Proceeds in an amount not greater than the amounts unpaid under the Note and this Deed of Trust. Trustor also gives Beneficiary any other of Trustor's rights (other than the right to any refund of unearned premiums that Trustor paid) under all insurance policies covering the Property, if the rights are applicable to the coverage of the Property. Beneficiary may use the Insurance Proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Deed of Trust, whether or not then due. In all events, Beneficiary's rights under this Section C(e) are subject and subordinate to the rights of the holder of the First Deed of Trust.

     D.    It is mutually agreed:

<center>5</center>

(a)    That any award of damages in connection with any condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(b)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.

(c)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Guaranty for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: (a) reconvey any part of the Property, (b) consent to the making of any map or plat thereof, (c) join in granting any easements thereon, or (d) join in any extension agreement or any agreement subordinating the lien or charge hereof.

(d)    That upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this Deed of Trust to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the Property.  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(e)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this Deed of Trust, to collect the Rents, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain the Rents as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the Property or any part thereof, in its own name sue for or otherwise collect the Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of the Property, the collecting of the Rents and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(f)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed of Trust, the Guaranty, the Note and all documents evidencing expenditures secured hereby.

6

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone the sale of all or any portion of the Property by public announcement at such time and place of the sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including costs of evidence of title in connection with the sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(g)      Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

(h)      That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note, whether or not named as Beneficiary herein. In this Deed of Trust, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(i)      That Trustee accepts this Deed of Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

(j)      Trustor requests that a copy of notices of any action or proceeding hereunder be mailed to Trustor at its address set forth above.

(k)      Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

7

(l)    If Trustor sells, contracts to sell, gives an option to purchase, conveys, leases with an option to purchase, encumbers or alienates the Property, or any interest in it, or suffers its title to, or any interest in, the Property to be divested, whether voluntarily or involuntarily, or if Trustor changes or permits to be changed the character or use of the Property, or drills or extracts or enters into any lease for the drilling or extracting of oil, gas or other hydrocarbon substances or any mineral of any kind or character on the Property, or if title to such Property becomes subject to any lien or charge, voluntary or involuntary, contractual or statutory, without Beneficiary's prior written consent, then Beneficiary, at Beneficiary's option, may, without prior notice, declare all sums secured by this Deed of Trust, regardless of their stated due dates, immediately due and payable, and may exercise all rights and remedies in this Deed of Trust. Notwithstanding the foregoing, Beneficiary acknowledges that the Property is currently encumbered by a first trust deed in favor of Union Bank.

_Frederick Terry Glynn, Jr._

(m)    That any default under the terms of the Guaranty shall constitute a default under the terms of this Deed of Trust, and Beneficiary shall be entitled to exercise any and all of its rights and remedies under this Deed of Trust and under applicable law upon the occurrence of any such default.

(n)    That this Deed of Trust is intended to create a lien on the Property, and an absolute assignment of the Rents, all in favor of Beneficiary. The parties acknowledge that some of the Property and some or all of the Rents may be determined under applicable law to be fixtures.

(o)    Trustor agrees that this Deed of Trust constitutes a financing statement filed as a fixture filing in the Official Records of Orange County with respect to any and all fixtures included within the term "Property" used herein and with respect to any goods and other personal property that may now be or hereafter become fixtures. The name and mailing addresses of the debtor (Trustor) and the secured party (Beneficiary) are set forth in the introductory paragraph of this Deed of Trust. Trustor is the record owner of the Property. The personal property defined above as Fixtures is the collateral covered by this financing statement. Any reproduction of this Deed of Trust or any other security agreement or financing statement shall be sufficient as a financing statement. With respect to fixtures, Beneficiary or Trustee may elect to treat same as either real property or personal property and proceed to exercise such rights and remedies applicable to the categorization so chosen. Beneficiary may proceed against the items of real property and any items of collateral separately or together in any order whatsoever, without in any way affecting or waiving Beneficiary's rights and remedies under the California Uniform Commercial Code (the "**Code**"), this Deed of Trust, the Note or otherwise. Trustor acknowledges and agrees that Beneficiary's rights and remedies under the Code, this Deed of Trust and the Note shall be cumulative and shall be in addition to every other right and remedy now or hereafter existing at law, in equity, by statute or by agreement of the parties.

E.    Miscellaneous Provisions:

8

(a)     Choice of Law.  THIS AGREEMENT SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES, EXCEPT THAT THE PROVISIONS OF THE LAWS OF THE STATE OF CALIFORNIA SHALL BE APPLICABLE TO THE CREATION, PERFECTION AND ENFORCEMENT OF THE LIEN CREATED BY THE DEED OF TRUST OR THE ASSIGNMENTS AND TO LIENS ON SECURITIES ACCOUNTS CREATED PURSUANT TO THIS AGREEMENT.

(b)     Waivers of Rights and Defenses.  The parties hereto acknowledge and agree that the Guaranty is governed by New York law.  Notwithstanding the foregoing, in the event that it is determined that California law applies to Beneficiary's exercise of remedies hereunder, the following state specific provisions shall apply:

1.     Trustor hereby waives any and all benefits and defenses under California Civil Code Section 2810 and agrees that by doing so Trustor shall be liable even if Maker had no liability at the time of execution of the Note, or any other document executed in connection therewith, or thereafter ceases to be liable.  Trustor hereby waives any and all benefits and defenses under California Civil Code Section 2809 and agrees that by doing so Trustor's liability may be larger in amount and more burdensome than that of Maker.  Trustor waives all rights to require Beneficiary to pursue any other remedy it may have against Maker, or any member of Maker, including any and all benefits under California Civil Code Section 2845, 2849 and 2850. Trustor further waives any rights, defenses and benefits that may be derived from Sections 2787 to 2855, inclusive, of the California Civil Code or comparable provisions of the laws of any other jurisdiction and further waives all other suretyship defenses Trustor would otherwise have under the laws of California or any other jurisdiction.

2.     Upon a default by Maker, Beneficiary in its sole discretion, without prior notice to or consent of Trustor, may elect to:  (i) foreclose either judicially or nonjudicially against any real or personal property security it may hold for the Note; (ii) accept a transfer of any such security in lieu of foreclosure; (iii) compromise or adjust the Note or any part of it or make any other accommodation with Maker or Trustor; or (iv) exercise any other remedy against Maker or any security.  No ■■■■ction by Beneficiary shall release or limit the liability of Trustor, who shall remain liable under this Deed of Trust after the action, even if the effect of the action is to deprive Trustor of any subrogation rights, rights of indemnity, or other rights to collect reimbursement from Maker for any sums paid to Beneficiary, whether contractual or arising by operation of law or otherwise.  Trustor expressly agrees that under no circumstances shall it be deemed to have any right, title, interest or claim in or to any real or personal property to be held by Beneficiary or any third party after any foreclosure or transfer in lieu of foreclosure of any security for the Note.

3.     Regardless of whether Trustor may have made any payments to Beneficiary, Trustor hereby waives:  (A) all rights of subrogation, indemnification, contribution and any other rights to collect reimbursement from Maker or any other party for any sums paid to Beneficiary, whether contractual or arising by operation of law (including the United States Bankruptcy Code or any successor or similar statute) or otherwise; (B) all rights to enforce any remedy that Beneficiary may have against Trustor; and (C) all rights to participate in any

9

security now or later to be held by Beneficiary for the Note. The waivers given in this subsection (3) shall be effective until the Note has been paid and performed in full.

4.   Trustor waives all rights and defenses arising out of an election of remedies by Beneficiary, even though that election of remedies, such as a nonjudicial foreclosure with respect to security for a guarantied obligation, has destroyed Trustor's rights of subrogation and reimbursement against Maker by operation of Section 580d of the California Code of Civil Procedure or otherwise. Trustor further waives any right to a fair value hearing under California Code of Civil Procedure Section 580a, or any other similar law, to determine the size of any deficiency owing (for which any Trustor would be liable hereunder) following a non-judicial foreclosure sale.

5.   Without limiting the foregoing or anything else contained in this Deed of Trust, Trustor waives all rights and defenses that Trustor may have because the Note is secured by real property. This means, among other things:

(A)   That Beneficiary may collect from Trustor without first foreclosing on any real or personal property collateral pledged by Maker; and

(B)   If Beneficiary forecloses on any real property collateral pledged by Maker: (x) the amount of the Note may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (y) Beneficiary may collect from Trustor even if Beneficiary, by foreclosing on the real property collateral, has destroyed any right Trustor may have to collect from Maker.

6.   This subsection (6) is an unconditional and irrevocable waiver of any rights and defenses Trustor may have because the Guaranty is secured by real property. These rights and defenses include, but are not limited to, any rights or defenses based upon Sections 580a, 580b, 580d, or 726 of the California Code of Civil Procedure.

7.   Trustor waives all rights and defenses arising out of any failure of the Beneficiary to disclose to the Trustor any information relating to the financial condition, operations, properties or prospects of Maker now or in the future known to the Beneficiary (Trustor waiving any duty on the part of the Beneficiary to disclose such information).

(c)   WAIVER OF JURY TRIAL. TO THE FULLEST EXTENT PERMITTED BY LAW, THE PARTIES HERETO EACH HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY CONTROVERSY OR CLAIM, WHETHER ARISING IN TORT OR CONTRACT OR BY STATUTE OR LAW, BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH, THIS DEED OF TRUST (INCLUDING, WITHOUT LIMITATION, THE VALIDITY, INTERPRETATION, COLLECTION OR ENFORCEMENT HEREOF), OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY IN CONNECTION HEREWITH. EACH PARTY ACKNOWLEDGES AND AGREES THAT NO REPRESENTATIONS OF FACT OR OPINION HAVE BEEN MADE BY ANY PERSON TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR

10

NULLIFY ITS EFFECT.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE PARTIES' ENTERING INTO THIS DEED OF TRUST AND THE PARTIES WOULD NOT HAVE ENTERED INTO THIS NOTE WITHOUT THIS WAIVER.  THE PARTIES HERETO ARE EACH HEREBY AUTHORIZED TO FILE A COPY OF THIS <u>SECTION X</u> IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER OF JURY TRIAL. AT THE REQUEST OF BENEFICIARY, WHICH MAY BE GIVEN FROM TIME TO TIME, OR IN THE EVENT THAT THE LAWS OF THE STATE OF CALIFORNIA SHALL BE MODIFIED IN RESPONSE TO GRAFTON PARTNERS L.P. V. SUPERIOR COURT, 36 CAL. 4TH 944 (2005), TRUSTOR AND BENEFICIARY SHALL EXECUTE AN AFFIRMATION, RATIFICATION AND RECONFIRMATION OF THE WAIVER SET FORTH IN THIS <u>SECTION F(A)</u>.

(d)     <u>No Oral Change</u>.  This Deed of Trust, and any provisions hereof, may not be modified, amended, waived, extended, restated, changed, discharged or terminated orally or by any act or failure to act on the part of Trustor or Beneficiary, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, restatement, change, discharge or termination is sought.

(e)     <u>Successors and Assigns</u>.  This Deed of Trust shall be binding upon Trustor and Beneficiary and inure to the benefit of Trustor and Beneficiary and their respective successors and permitted assigns forever.

(f)     <u>Delay Not a Waiver</u>.  Neither any failure nor any delay on the part of Beneficiary hereto in insisting upon strict performance of any term, condition, covenant or agreement, or exercising any right, power, remedy or privilege hereunder, or any other document or instrument entered into or delivered in connection herewith or pursuant hereto, shall operate as or constitute a waiver thereof, nor shall a single or partial exercise thereof preclude any other future exercise, or the exercise of any other right, power, remedy or privilege.  A waiver of one default with respect to any person shall not be construed to be a waiver of any subsequent default with respect to such person or any other person or to impair any remedy, right or power consequent thereon.

(g)     <u>No Joint Venture or Partnership; No Third Party Beneficiaries</u>.

1.     Trustor and Beneficiary intend that the relationships created hereunder and under the Note and the Guaranty be solely that of lender and borrower.  Nothing herein or therein is intended to create a joint venture, partnership, tenancy-in-common, or joint tenancy relationship between Trustor and Beneficiary nor to grant Beneficiary any interest in the Property other than that of mortgagee, assignee, secured party, beneficiary and/or lender.

2.     This Deed of Trust is solely for the benefit of Beneficiary and nothing contained in this Deed of Trust shall be deemed to confer upon anyone other than Beneficiary any right to insist upon or to enforce the performance or observance of any of the obligations contained herein or therein.

(h)     <u>Joint and Several Liability</u>.  If Trustor is comprised of more than one person, all representations, warranties, covenants (both affirmative and negative) and all other obligations hereunder shall be the joint and several obligation of each entity making up Trustor and a default

11

or event of default by any such person shall be deemed a default or event of default by all such entities and Trustor.

     (i)     <u>Time of the Essence</u>.  Time is of the essence with respect to the performance by Mortgagor of its obligations pursuant to this Deed of Trust.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS]

12

**TRUSTOR:**

FREDERICK TERRY GLYNN, JR.

13

STATE OF CALIFORNIA          )
                            )
COUNTY OF _Orange_           )

On _3 - 8_____ , 2011 before me, _Scott Street Notary Public_
(here    insert    name    and    title    of    the    officer),    personally    appeared
_____Frederick Terry Glynn, Jr._____ who proved
to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SCOTT STREET
COMM. #1873131
Notary Public - California
Orange County
My Comm. Expires Dec. 14, 2013

Signature _____          (Seal)

84509242v1_343343-00003

# EXHIBIT A

## LEGAL DESCRIPTION

All that certain real property situated in the County of Orange, State of California, described as follows:

Lot 1 in Block 440 of Canal Section, Newport Beach, in the City of Newport Beach, County of Orange, State of California, as per map recorded in Book 4, Page 98 of Miscellaneous Maps, in the Office of the County Recorder of said County.

15

FORM B104  (08/07)                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS FREDERICK T. GLYNN, JR, | DEFENDANTS CORAL CAPITAL SOLUTIONS LLC, a Delaware limited liability company |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Robert P. Goe, GOE & FORSYTHE, LLP, 18101 Von Karman, Suite 510, Irvine, CA 92612 - (949) 798-2460 rgoe@goeforlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☑ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for willful violation of the automatic stay pursuant to 11 U.S.C. §362(k)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand $ 250,000.00 |

**Other Relief Sought**
For attorneys' fees incurred herein; For costs of suit incurred herein; and For such other and further relief as the Court may deem just and proper

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br><br>FREDERICK T. GLYNN, JR., and ROSARIO C. GLYNN | | **BANKRUPTCY CASE NO.**<br><br>8:10-bk-22579-E |
| **DISTRICT IN WHICH CASE IS PENDING**<br><br>CENTRAL | **DIVISIONAL OFFICE**<br><br>SANTA ANA | **NAME OF JUDGE**<br><br>ERITHE A. SMITH |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>/s/Robert P. Goe | | |
| **DATE**<br><br>2/12/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Robert P. Goe | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe - State Bar No. 137019<br>Elizabeth A. LaRocque – State Bar No. 219977<br>GOE & FORSYTHE, LLP<br>18101 Von Karman Avenue<br>Suite 510<br>Irvine, CA 92612<br>rgoe@goeforlaw.com<br>elarocque@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>FREDERICK T. GLYNN, JR., and ROSARIO C. GLYNN,<br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:10-bk-22579-ES<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: |
| FREDERICK T. GLYNN, JR,<br><br><div align="right">Plaintiff(s)</div><br>Versus<br><br>CORAL CAPITAL SOLUTIONS LLC, a Delaware limited liability company<br><br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** 5A_____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☒ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                    **KATHLEEN J. CAMPBELL**
                    **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                By: _____
                          Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 2                          **F 7004-1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                          *Printed Name*                      *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                Page 3                        **F 7004-1.SUMMONS.ADV.PROC**